**Francisco Padilla ESCOBEDO; Danelia Padilla Ortiz,\* Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–73349, 04–74728.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.\*\*

Filed July 28, 2006.

Francisco Padilla Escobedo, Lynwood, CA, pro se.

Danelia Padilla Ortiz, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Stephen J. Flynn, Joanne E. Johnson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

---

\* The clerk shall amend the docket to reflect the correct spelling of petitioner Danelia Padilla Ortiz's name.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Francisco Padilla Escobedo and Danelia Padilla Ortiz, married natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's denial of cancellation of removal (04–73349) and the BIA's subsequent order denying their motion to reopen removal proceedings (04–74728). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petitions for review.

We lack jurisdiction to review the IJ's discretionary determination that the petitioners failed to establish exceptional and extremely unusual hardship to their United States citizen children. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). The petitioners fail to raise any colorable constitutional challenge to the hardship determination. *See id.* at 930. The petitioners' contention that the BIA erred by streamlining their case is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

We lack jurisdiction to review the BIA's determination that the evidence the petitioners submitted with their motion to reopen would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petition-er] had not met the hardship standard.") (Internal quotations omitted).

Because we are without jurisdiction to review the merits of the BIA's decision to deny reopening, we do not consider the petitioners' due process contention that the BIA's order did not address all the issues. *See Fernandez*, 439 F.3d at 604.

**PETITION FOR REVIEW No. 04–73349 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW No. 04–74728 DISMISSED in part; DENIED in part.**